# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 30, 2021

* * * * * * * * * * * * * * * * * * * * * * * * *

LEILA M. HUBBARD, *as parent and*     \*     No. 20-981V
*natural guardian, on behalf of* J.B.B.,     \*
*a minor*,     \*     Special Master Sanders
    \*
         Petitioner,     \*
v.     \*     Ruling on Entitlement; Hepatitis B Vaccine;
    \*     Diphtheria-Tetanus-Acellular Pertussis
SECRETARY OF HEALTH     \*     ("DTaP") Vaccine; Pneumococcal Conjugate
AND HUMAN SERVICES,     \*     ("PCV") Vaccine; Hemophilus Influenzae
    \*     Type B ("Hib") Vaccine; Hepatitis A
         Respondent.     \*     Vaccine; Sterile Abscesses
    \*

* * * * * * * * * * * * * * * * * * * * * * * * *

*Robert D. Proffitt*, Proffitt & Cox, LLP, Columbia, SC, for Petitioner.
*Ronalda E. Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On August 6, 2020, Leila Hubbard ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that the Hepatitis B; diphtheria, tetanus, acellular pertussis ("DTaP"); pneumococcal conjugate ("PCV"); haemophilus influenzae type B ("Hib"); and Hepatitis A vaccines her child, J.B.B., received on October 31, 2017, January 5, 2018, March 9, 2018, May 14, 2018, November 2, 2018, February 14, 2019, and May 2, 2019, caused him to "suffer[] persistent and recurring sterile abscesses and related conditions in his right and left thighs where the vaccines were administered . . . ." Pet. ¶¶ 5–6, ECF No. 1.

On August 20, 2021, Respondent filed his report pursuant to Vaccine Rule 4(c). Resp't's Report, ECF No. 25. Respondent "recommend[ed] that compensation be awarded." *Id.* at 1. He stated that a review of the record indicated that "J.B.B. developed persistent and recurring sterile abscesses, which were more likely than not caused by the administration of vaccines [listed in

---

[1] This Ruling shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted ruling. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner's petition] in J.B.B.'s left and right thighs." *Id.* at 7. Respondent continued that Petitioner "has satisfied the statutory requirement that J.B.B.'s injury lasted for at least six months, or resulted in 'inpatient hospitalization and surgical intervention' as required by 42 U.S.C. § 300aa-11(c)(1)(D)(i)(iii)." *Id.* Respondent concluded that "[P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. §300aa-13; Vaccine Rule 8(d). In light of Respondent's concession and a review of the record, I find that Petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master
